trial in this cause would go in direct opposition to the printed orders of the court. There can be no use whatever in making rules for the regulation of the practice of the court unless we adhere to them. Nor do we apprehend there is any danger of injustice in the present instance.

Motion for the new trial dismissed.

## Richard Caton, indorsee of Dennis De Berdt, *against* William M'Carty.

S. C. 2 Dall. 141.

Declaration filed though not marked *de bene esse,* is no waiver bail.

THIS cause had been removed from the Common Pleas of Philadelphia county by *habeas corpus.* Previous to the entry of bail, the plaintiff's attorney had filed his declaration, without marking the same *de bene esse,* and a question arose before the court whether this was a waiver of bail.

Messrs. Ingersol and Levy *pro def.* contended that by the practice in England, such unconditional declaration would *amount to a waiver, and cited Highmore on Bail, 15, 57. Lib. Prac. Reg. 86. Atty. Pract. in B. R. 77. 1 Richardson's Pract. in C. B. 106. [*104

Mr. Heatley *pro quer.* insisted that even by the English practice, it is no waiver, unless the copy of the declaration be delivered to the defendant, his attorney or agent.

*Per Cur.* We know of no such practice in Pennsylvania, nor do we see any good reason for it, even in England. We individually know, that in all courts wherein we have practised, the usage has been different from that contended for. Besides, if the English practice ought to be extended, why stop at the mere filing of the declaration? Why should not the copy be delivered to the defendant or his attorney? The practice of every court is the law of that court, and we must be governed by our own customs and usages, as the courts at Westminster are governed by theirs. We are clearly of opinion, that the unconditional filing of the declaration in the present instance is no waiver of bail.

Referred to in 5 S. & R., 420.